9

United States District Court
Southern District of Texas
FILED
APR 0 8 2002
Michael N. Milby
Clerk of Court

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

**ROBERT S. HOWELL, D.C.; FIRST RIO VALLEY, P.A.; EAST SIDE SURGERY CENTER, INC.; U.S. IMAGING, INC.; U.S. ANESTHETIC, P.A.; FORT BEND IMAGING, INC.; FANNIN STREET IMAGING, INC.; EAST SIDE IMAGING, INC.; STEEPLECHASE DIAGNOSTICS IMAGING, INC.,**
***for themselves and all others similarly situated,***

**Requestor/Claimants,**

**v.** § **CIVIL ACTION NO. B-02-056**

**TEXAS MUTUAL INSURANCE CO.; COMBINED INDEPENDENT AGENCIES, INC.; GAB ROBINS NORTH AMERICA, INC.; AIG CLAIM SERVICES, INC. BERKLEY RISK ADMINISTRATORS OF TEXAS, INC., on behalf of Texas Political Subdivisions; CNA INSURANCE CO.; THE UNIVERSITY OF TEXAS AT AUSTIN, TEXAS; TEXAS MUNICIPAL LEAGUE INTER-GOVERNMENTAL RISK POOL; ZURICH AMERICAN INSURANCE CO.; GATES MCDONALD; TRAVELERS INDEMNITY CO. OF CONN.; THE TRAVELERS – DALLAS CL CLAIM; ATLANTIC MUTUAL INSURANCE CO.; TIG INSURANCE CO.; THE TRAVELERS-HOUSTON CL CLAIM; WAUSAU INSURANCE CO.; CRAWFORD & CO.; CUNNINGHAM LINDSEY CLAIMS MANAGEMENT, INC.,**

**Respondents**

---

**TEXAS' 12(b)(1) MOTION TO DISMISS**
**FOR LACK OF SUBJECT-MATTER JURISDICTION**

---

The University of Texas at Austin and the State Office of Risk Management (collectively "Texas"), respondents herein, file this motion under Rule 12(b)(1) asserting that the Eleventh Amendment bars subject-matter jurisdiction, the Requestor/Claimants have abandoned their claims against Texas, and Texas' sovereign immunity under Texas law bars jurisdiction in the state court of Requestor/Claimants' claims. Therefore, Texas requests that this Court dismiss the Requestor/Claimants' claims against Texas for lack of subject-matter jurisdiction.[1]

## BACKGROUND

1. Requestor/Claimants generally allege that they have submitted medical bills to all Respondents and that "respondents have failed to pay interest on all medical bills which were paid after 60 days of receipt." See *Third Amended Petition* at p.21 ¶3.1. The University filed its plea to the jurisdiction based on sovereign immunity from suit and promptly requested a hearing. On January 17, 2002, Cameron County District Judge Euresti conducted a hearing on the University's plea to the jurisdiction. At the conclusion of the hearing, that Court took the matter under advisement and invited the parties to submit supplemental briefing, which the University did. Thereafter, the State Office of Risk Management was also named as a respondent. Following the removal of this action, Requestor/Claimants filed a motion in Cameron County, Texas stating, "[a]ll governmental entities have been dismissed or will be dismissed from this action in Cameron County,

[1] Texas asserts its sovereign immunity in challenging both the subject-matter jurisdiction of this Court and that of the 107th Judicial District Court of Cameron County, Texas. Accordingly, any assertion by the Requestor/Claimants that the removal is invalid since Aetna failed to seek the written consent of Texas as required under 28 U.S.C. § 1446(a) and *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992), is irrelevant. Moreover, since the alleged federal-question jurisdiction basis is unique to the Aetna Defendants, consent may not have been necessary. See *Dillon v. Mississippi Military Dep't*, 23 F.3d 915, 918–19 (5th Cir. 1994) (holding consent of co-defendants not required where a party has an independent, party-based jurisdictional grant).

Texas." *Plaintiffs' Motion to Strike and for Protection* at p.1. A copy of the motion is attached as Exhibit A.

## ARGUMENT

**I. *Texas' Eleventh Amendment Immunity and Principles of Federalism Warrant Dismissing the Claims Against Texas.***

2. Under the Eleventh Amendment, States are immune from suit in federal court unless they consent. U.S. CONST. amend. XI. The amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." *Id.* The Supreme Court has construed this amendment to bar suits against a State by its own citizens, although the express language of the amendment does not so provide. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Jagnandan v. Giles*, 538 F.2d 1166 (5th Cir. 1976). That bar cannot be overcome simply because the case satisfies the requirements for diversity-of-citizenship or federal-question jurisdiction or qualifies under the judicially-created doctrine of pendent jurisdiction. *Ysleta Del Sur Pueblo v. Laney*, 199 F.3d 281 (5th Cir. 2000). Moreover, States can consent to suits in their own courts without waiving that Eleventh Amendment immunity. *Smith v. Reeves*, 178 U.S. 436 (1900); see also 13 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3524 (2d. Ed. 1984).

3. Texas' Eleventh Amendment immunity also applies to cases removed to federal court. 14B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3721 (3d. Ed. 1998); *Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573 (1946); *Lewis v. Midwestern State Univ.*, 837 F.2d 197 (5th Cir. 1988), *cert. denied*, 488 U.S. 849. The proscriptions of the Eleventh

Amendment barring suit against a State in federal court without the State's consent apply with equal force to bar removal to federal court. Removing such cases without the State's consent involuntarily subjects the State to the jurisdiction of the federal court. *Moore ex. rel. Mississippi v. Abbott Lab., Inc.*, 900 F. Supp. 26 (D. Miss. 1995). The Court's recent cases have disfavored constructive waivers of the Eleventh Amendment and have required the State's consent to suit be unequivocal. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 246-247 (1985). Accordingly, Texas should not be hauled into federal court on a whim.

4. Furthermore, even if the Requestor/Claimants proved that Texas waived its immunity from suit in state court for workers' compensation claims, there has been no waiver of Eleventh Amendment immunity. See *Magnolia Venture Capital Corp. v. Prudential Sec., Inc.*, 151 F.3d 439, 445 (5th Cir. 1998) (holding that "while Mississippi may waive immunity from suit in its own courts by authorizing state agencies to enter into contracts, there is no Mississippi law to support the implication that MDECD had the authority to waive Mississippi's Eleventh Amendment immunity."). Since the Eleventh Amendment bar is one of subject-matter jurisdiction, it cannot simply be waived. In fact, the Supreme Court has held that the Eleventh Amendment bar can be asserted for the first time on appeal, so a State which is sued in federal court does not waive the Eleventh Amendment simply by appearing and defending on the merits. See *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 683 n.18 (1982) (plurality opinion); see also *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n.8 (1984); *Edelman v. Jordan*, 415 U.S. 651, 678 (1974); *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 467 (1945).

## II. *Requestor/Claimants Planned to Dismiss Texas and All Other Governmental Entities.*

5. On April 1, 2002, Requestor/Claimants filed *Plaintiffs' Motion to Strike and for Protection* in the 107th Judicial District of Cameron County, Texas.[2] The motion states, "[a]ll governmental entities have been dismissed or will be dismissed from this action in Cameron County, Texas." *Motion* at p.1. This Court should not retain jurisdiction over Texas or any other governmental entity in light of that motion.

## III. *Finally, Texas Possesses Sovereign Immunity from Requestor/Claimants' Suit Under Texas Law.*

6. Remanding the Requestor/Claimants' suit against Texas to the 107th Judicial District Court of Cameron County, Texas would be futile because that court also lacks subject-matter jurisdiction to consider the claims asserted against Texas. Texas' sovereign immunity from suit is a jurisdictional bar. *General Serv. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 594 (Tex. 2001); *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999). A plaintiff who seeks to sue Texas for damages bears the burden of pleading and proving a waiver of sovereign immunity that would permit the suit. See *Little-Tex*, 39 S.W.3d at 594; *Jones*, 8 S.W.3d at 638. But in this case, no such waiver can be proven because no waiver exists.

7. In fact, the Legislature has expressly preserved the University's immunity from suit in the Workers' Compensation Act. TEX. LABOR CODE ANN. § 503.002(c) (Vernon 1996). Section 503.002 of the Labor Code provides that while many of the workers' compensation laws set out in

---

[2] This Motion was filed in the Cameron County, Texas case following the University's receipt of Aetna's *Notice of Removal of Civil Action.*

Subtitle A of the Code are applicable to the University, "neither this chapter nor Subtitle A authorizes a cause of action or damages against the [University of Texas] system or any institution or employee of the system or institution beyond the actions and damages authorized by [the Tort Claims Act]." TEX. LABOR CODE § 503.002(c). Therefore, a suit alleging that the University has violated the workers' compensation laws may be maintained only if the suit falls within the limited waiver established by the Tort Claims Act, codified in Chapter 101 of the Civil Practice and Remedies Code. *Id.*

8. The Tort Claims Act permits only those suits that allege (i) injury caused by a state employee's use of a motor vehicle; (ii) injury caused by a condition or use of tangible personal or real property; or (iii) claims arising from premises defects. See TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 1997). The Requestor/Claimants have alleged none of these things, nor can they; this is a suit about purely economic injuries resulting from interest allegedly owed to the them.

9. Furthermore, the Requestor/Claimants' attempts to circumvent the immunity barrier merely by invoking the Uniform Declaratory Judgments Act and the Takings Clause of the Texas Constitution are inapposite. Case law demonstrates that in deciding a plea to the jurisdiction, courts should look beyond the labels chosen by the plaintiffs to the substance of their allegations. A plaintiff cannot overcome sovereign immunity by cloaking a suit for damages in the guise of a declaratory judgment action. See *TRST Corpus, Inc. v. Fin. Ctr., Inc.*, 9 S.W.2d 316, 323 (Tex. App.–Houston [14th Dist.] 1999, pet. denied.) A request for a declaration that a state agency owes the plaintiff money is, in essence, a suit for damages that may not be maintained. Since that is

exactly the nature of the Requestor/Claimants' claims for declaratory relief in this case, those claims should be dismissed for want of subject-matter jurisdiction.

10. Similarly, the Requestor/Claimants cannot avoid the immunity barrier simply by characterizing their claims as an action under the Takings Clause of the Texas Constitution. See TEX. CONST. art. I § 17. To establish a takings claim, a plaintiff must prove (1) the State intentionally performed certain acts, (2) that resulted in a taking of property; (3) for public use. *Little-Tex*, 39 S.W.3d at 598. Whether particular facts are enough to constitute a taking is a question of law. *Little-Tex*, 39 S.W.3d at 598. Where a plaintiff fails to allege facts sufficient to establish a takings claim, those claims should also be dismissed for want of jurisdiction. *See Little-Tex*, 39 S.W.3d at 598–99; *TRST Corpus, Inc.*, 9 S.W.3d at 323 (holding that takings clause allegations were insufficient to overcome sovereign immunity barrier.)

11. The Requestor/Claimants here have not pleaded a proper takings claim. As an initial matter, there are no allegations of an intentional act on the part of Texas.[3] Rather, the Requestor/Claimants assert that Texas has failed to pay interest as required by the workers' compensation laws. Mere negligence, however, is not a compensable taking. *Steele v. City of Houston*, 603 S.W.2d 786, 790 (Tex. 1980). Therefore, the Requestor/Claimants' takings claims fail as a matter of law.

[3] In the alternative, if the Requestor/Claimants contend that they have alleged intentional acts, then Texas asserts that such allegation was fraudulently made for the sole purpose of conferring jurisdiction in this Court, and it requests an opportunity to so prove. *See City of Austin v. Ender*, 30 S.W.3d 590, 593 (Tex. App.–Austin 2000, no pet.) ("Good faith allegations are to be taken as true, unless the defendant pleads and proves that the petition's allegations were fraudulently made to confer jurisdiction."). Such an allegation cannot be made in good faith on the facts known to the Requestor/Claimants.

12.  Even if the Requestor/Claimants have alleged an intentional act, they have nonetheless failed to allege a compensable taking. A takings claim must be based on intentional State action that is within its authority. *Firemen's Ins. Co. v. Bd. of Regents of the Univ. of Texas Sys.*, 909 S.W.2d 540, 543 (Tex. App.–Austin 1995, writ denied), o'ruled on other grounds, *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547 (Tex. 2000) (citing *Steele*, 603 S.W.2d at 792). Only where the State has properly exercised its authority may the State be liable under article I, section 17. *Id.* "Intentional action that is within the authority of the state can be a taking. Unintentional acts of negligence or intentional acts that are outside the authority of the state may be torts, but they are not takings." *Id.* The Requestor/Claimants here have not alleged that Texas was acting within its authority. Indeed, they allege just the opposite: that the workers' compensation laws imposed a duty on Texas to pay interest, and that Texas withheld such interest without any authority to do so. Accordingly, the Requestor/Claimants have not alleged a takings claim, and they have not met their burden of pleading facts sufficient to confer jurisdiction on this court.

13.  If it were the case that magic words—"declaratory judgment" or "takings clause," for example—were sufficient in and of themselves to invoke the jurisdiction of a court, then the doctrine of sovereign immunity would be eviscerated. Every plaintiff would find a way to use the magic words in her pleadings against the State, and the State would be forced to defend all suits on their merits (or lack thereof) at taxpayer expense. Because it is clear that the Requestor/Claimants in this case have invoked those words solely to try to circumvent Texas' sovereign immunity and that they have not pled a viable takings claim, all claims against Texas should be dismissed.

## CONCLUSION

14. The University and the State Office of Risk Management possess Eleventh Amendment immunity. Moreover, the Requestor/Claimants have not pleaded any waiver of sovereign immunity that would permit them to bring this suit in state court. Accordingly, all claims against Texas should be dismissed for want of subject-matter jurisdiction.

WHEREFORE, the University of Texas at Austin and the State Office of Risk Management respectfully pray that all claims against them be dismissed for want of subject-matter jurisdiction; that Requestor/Claimants take nothing by this suit; and for all further relief to which it may be lawfully entitled.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

DAVID C. MATTAX
Assistant Attorney General
Division Chief, Financial Litigation Division

SARA SCRIBNER
Southern District No. 25324
State Bar No. 00797403
Assistant Attorney General
Financial Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
TEL: (512) 463-2018
FAX: (512) 477-2348
***Counsel for Defendant the University of Texas at Austin***

NELLY R. HERRERA
Assistant Attorney General
Division Chief, Tort Litigation Division

S. RONALD KEISTER
Southern District No. 18580
BRADLEY D. McCLELLAN
State Bar No. 13395980
Assistant Attorney General
Tort Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
TEL: (512) 463-2018
FAX: (512) 477-2348
***Counsel for Defendant the State Office of Risk Management***

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2002, a true and correct copy of the foregoing *Texas' 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction* was sent by regular mail to the following:

Keith T. Gilbert
William Maxwell
P.O. Box 1984
Houston, Texas 77251
*Counsel for Respondent/Claimants Howell, et al.*

Reynaldo G. Garza, III
680 East St. Charles, Suite 120
Brownsville, Texas 78520
*Counsel for Respondent/Claimants Howell, et al.*

Ernesto Gamez, Jr.
777 E. Harrison
Brownsville, Texas 78520
*Counsel for Respondent/Claimants Howell, et al.*

Ethan L. Shaw
Everett H. Sanderson / John P. Coward
Moore, Landrey, L.L.P.
390 Park Street, Suite 500
Beaumont, Texas 77701
*Counsel for Respondent/Claimants Howell, et al.*

James A. Holmes
Wellborn, Houston, Adkison, Mann, Sadler & Hill, L.L.P.
P.O. Box 1109
Henderson, Texas 75653-1109
*Counsel for Respondent/Claimants Howell, et al.*

R. Stephen Woodfin
Law Office of Stephen Woodfin
P.O. Box 1638
Kilgore, Texas 75663
*Counsel for Respondent/Claimants Howell, et al.*

Frank Weathered
Dunn & Weathered, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
*Counsel for Defendant Traveler's Indemnity Co. Of Conn.; The Travelers - Dallas Cl Claim; The Travelers - Houston Cl Claim*

Mark Roberts
Barry Moscowitz
Henslee, Fowler, Hepworth & Schwartz
6688 N. Central Expressway, Ste. 850
Dallas, Texas 75206-3913
*Counsel for Defendant Combined Independent Agencies, Inc.*

David L. Plaut
Catherine L. Hanna
Hanna & Plaut, L.L.P.
106 East 6th St., Suite 520
The Littlefield Building
Austin, Texas 78701
*Counsel for Defendant Liberty Mutual Ins. Co., Wausau Ins. Co.*

Charles Willette, Jr.
Willette & Guerra, L.L.P.
3505 Boca Chica Blvd.
Suite 460, International Plaza
Brownsville, Texas 78521-4086
*Counsel for Defendant Liberty Mutual Ins. Co., Wausau Ins. Co.*

Karen L. Hirschman / Robert C. Walters / John C. Wander / Brian E. Robison
VINSON & ELKINS, L.L.P.
2001 Ross Avenue

Dallas, Texas 75201
*Counsel for Defendant "CNA Insurance Co.," RSCKo and CNA of Lloyd's of Texas*

Ruben R. Pena
Law Offices of Ruben R. Pena P.C.
222 W. Harrison
Harlingen, Texas 78550
*Counsel for Defendant "CNA Insurance Co.," RSCKo and CNA of Lloyd's of Texas*

Peter M. Schenkkan
Graves, Dougherty, Hearon & Moody
515 Congress Ave., Ste. 2300
Austin, Texas 78701
*Counsel for Defendant Texas Mutual Ins. Co. f/k/a the Texas Workers Compensation Insurance Fund*

Mike Mills
Atlas & Hall, L.L.P.
818 Pecan Avenue
McAllen, Texas 78502-3725
*Counsel for Defendant Texas Mutual Ins. Co. f/k/a the Texas Workers Compensation Insurance Fund*

James L. Sowder
Thompson, Coe, Cousins & Irons, L.L.P.
200 Crescent Court, 11th Floor
Dallas, Texas 75201-1853
*Counsel for Defendants Zurich American Ins. Co.; Gates McDonald; TIG Ins. Co.; AIG Claim Services, Inc.; Sentry Lloyd's of Texas and Sentry Casualty Company; Fireman's Fund Insurance Company; Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Pennsylvania, and Safeco Lloyd's Insurance Company (Collectively "Safeco")*

Robert B. Wellenberger
Thompson, Coe, Cousins & Irons, L.L.P.
200 Crescent Court, 11th Floor
Dallas, Texas 75201-1853
*Counsel for Defendant Zurich American Ins. Co., Gates McDonald, TIG Ins. Co., AIG Claim Services, Inc., AIG National Insurance Company, The Insurance Company of the State of Pennsylvania*

Rene Oliveira
Roerig, Oliveira & Fisher, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520-8718
*Counsel for Defendant Zurich American Ins. Co., Gates McDonald, TIG Ins. Co., AIG Claim Services, Inc.*

Keith O'Connell
O'Connell & Benjamin, L.L.P.
153 Treeline Park, Suite 200
San Antonio, Texas 78209
*Counsel for Defendant Atlantic Mutual Ins. Co.*

Jeffrey D. Roerig
Roerig, Oliveira & Fisher, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
*Counsel for Defendant Texas Municipal League Intergovernmental Risk Pool; Texas Association of School Boards Risk Management Fund*

Jerry Shiely
Thornton, Summers, Biechlin, Dunham & Brown, L.C.
10100 Reunion Place
San Antonio, Texas 78216-4186
*Counsel for Defendant GAB Robins North America, Inc.*

Brett Reynolds
Blakeley & Reynolds, P.C.
1250 N.E. Loop 410, Ste. 420
San Antonio, Texas 78209
*Counsel for Defendant Crawford & Co.*

Charles S. Frigerio
Law Offices of Charles S. Frigerio, P.C.
111 Soledad, Ste. 840
San Antonio, Texas 78205
*Counsel for Defendant Cunningham Lindsey Claims Management*

James Hunter
Jon D. Brooks
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
*Counsel for Defendant Berkley Risk Administrators of Texas, Inc., on behalf of Texas Political Subdivisions*

Michael Phillips
Phillips & Akers, P.C.
3400 Phoenix Tower
3200 Southwest Freeway
Houston, Texas 77027-7523
*Counsel for Defendant Highlands Insurance Company*

David B. Edwards
Phillips & Akers, P.C.
3400 Phoenix Tower
3200 Southwest Freeway
Houston, Texas 77027-7523
*Counsel for Sierra Insurance Company*

Jack W. Latson
Flahive, Ogden & Latson
505 West 12th St.
Austin, Texas 78701
*Counsel for Advantage Workers' Compensation Ins. Co.*

Edward Tuddenham
Law Offices of Edward Tuddenham
1203 Newning Ave.
Austin, Texas 78704
*Counsel for International Solutions L.L.C.*

Kevin T. Crocker
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
*Counsel for Federal Insurance Company*

Brent L. Watkins
Zeleskey Cornelius Hallmark Roper Hicks LLP
1616 South Chestnut
Lufkin, Texas 75902-1728
*Counsel for American Interstate Insurance Company*

Norton A. Colvin, Jr.
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Brownsville, Texas 78522
*Counsel for Aetna Health Management, Aetna U.s. Healthcare, Inc. and Aetna U.s. Healthcare of North Texas, Inc.*

John B. Shely
Dimitri Zgourides
600 Travis, Suite 4200
Houston, Texas 77002
*Counsel for Aetna Health Management, Aetna U.s. Healthcare, Inc. and Aetna U.s. Healthcare of North Texas, Inc.*

Bradley D. McClellan
Assistant Attorney General
Tort Litigation Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
*Counsel for State Office of Risk Management*

Paul K. Nesbitt
Kelly, Sutter & Kendrick
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056-6570
*Counsel for CAS-Claims Administrative Services*

Steve Backhaus
Lewis and Backhaus, PC
12850 Spurling Drive, Suite 210
Dallas, Texas 75230
*Counsel for Colonial Casualty Insurance Company*

David J. Healey
Weil, Gotshal & Manges LLP
Dolores Cavatore
700 Louisiana, Suite 1600
Houston, Texas 77002
*Counsel for Hartford Insurance Company (Hartford Fire Insurance Co.)*

Richard W. South
Wright & Greenhill, P.C.
221 West 6th Street, Suite 1800
Austin, Texas 78701-3495
*Counsel for Royal & Sunalliance; and EBI Co., Inc.*

Anthony Icenogle
De Leon, Boggins & Icenogle, P.C.
221 West 6th St., Suite 1050
Austin, Texas 78701
*Counsel for Service Lloyds Insurance Company*

Stephen K. Yungblut
Jenkens & Gilchrist
1445 Ross Ave., Suite 3200
Dallas, Texas 75202
*Counsel for American Risk Fund Insurance*

David J. Schubert
Blake S. Evans
Arter & Hadden, L.L.P.
1717 Main Street, Suite 4100
Dallas, Texas 75201-4605
*Counsel for Cuna Mutual Insurance Society*

Sara Scribner

NO. 2001-12-005152-A

| | |
|---|---|
| ROBERT S. HOWELL, D.C. *et al.*; *Requestor/Claimants* | IN THE DISTRICT COURT OF |
| v. | CAMERON COUNTY, TEXAS |
| TEXAS MUTUAL INSURANCE COMPANY *et al.*; *Respondents.* | 107th JUDICIAL DISTRICT |

## PLAINTIFFS' MOTION TO STRIKE AND FOR PROTECTION

TO THE HONORABLE JUDGE:

COMES NOW, PLAINTIFFS and files this their Motion to Strike and for Protection and for **just cause** would show unto the Court as follows:

1. The Plaintiffs have previously appeared before the Court requesting that unified discovery be tendered by the Defendants. The Plaintiffs and the Defendants, then parties to the suit, agreed that Defendants would send one unified (omnibus) set of discovery. Plaintiffs' have permitted, as necessary, governmental entities to propound additional discovery pertinent to governmental claims and defenses. All governmental entities have been dismissed or will be dismissed from this action in Cameron County, Texas.
2. Subsequent to the agreements of the Plaintiffs and Defendants, CAS-Claims Administrative Services has tendered, individually, Interrogatories, First Set of Request for Production and First Request for Admissions to all Plaintiffs.
3. Subsequent to the agreements of the Plaintiffs and Defendants, Employers Insurance of Wausau has tendered, individually, Interrogatories, First Set of Request for Production and First Request for Admissions to all Plaintiffs.
4. In that there are new defendants being added to the pending litigation, Plaintiffs request the Court to enter a Discovery Control Order, requiring the Defendants to submit all discovery in omnibus form and to prohibit, the Defendants from submitting, individually, discovery to the Plaintiffs, without a showing of necessity to the Court.

FOR THESE REASONS, Plaintiffs request the Court to enter a Discovery Control Order, requiring the Defendants to submit all discovery in omnibus form and to prohibit

EXHIBIT
A

Defendant from submitting, individually, discovery to the Plaintiffs, without a showing of necessity to the Court.

Respectfully submitted:

**GILBERT & MAXWELL**

By: ______________________
**Keith T. Gilbert**
State Bar No. 07898600
**William Maxwell**
State Bar No. 24028775
Post Office Box 1984
Houston, Texas 77251
(713) 739-1984 Telephone
(713) 739-1985 Telecopier
ATTORNEY FOR
RESPONDENT/CLAIMANTS

**REYNALDO G. GARZA, III**
**Reynaldo G. Garza, III**
State Bar No. 24008806
680 East St. Charles, Suite 120
Brownsville, Texas 78520
(956) 574-9502 Telephone
(956) 574-9506 Telecopier
ATTORNEY FOR
RESPONDENT/CLAIMANTS

**ERNESTO GAMEZ, JR., P.C.**
**Ernesto Gamez, Jr.**
State Bar No. 07606600
777 E. Harrison
Brownsville, Texas 78520-7118
(956) 541-3820 Telephone
(956) 541-7694 Telecopier
ATTORNEY FOR
RESPONDENT/CLAIMANTS

**Ethan Shaw**
**Everett Sanderson**
**Moore Landry, L.L.P.**
390 Park Street, Suite 500
Beaumont, Texas 77701

**CERTFICATE OF COMPLIANCE**

I certify that on this 1ST day of April, 2002 a true and correct copy of the foregoing document was served upon opposing counsel, as noted on the Class Action Counsel CC List attached hereto and pro se' parties in compliance with Tex.R.Civ.P. 21, 21a.

William Maxwell

## CLASS ACTION COUNSEL – CC List

Reynaldo G. Garza, III (Trey)
SBN 24008806
680 E. St. Charles, Suite 110
Brownsville, Texas 78520
(956) 574-9502 Telephone
(956) 574-9506 Telecopier
**Plaintiffs**

Ernesto Gamez, Jr.,
SBN 07606600
777 E. Harrison
Brownsville, Texas 78520-7118
(956) 541-3820
(956) 541-7694
**Plaintiffs**

Sara Scribner
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2018 Telephone
(512) 477-2348 Telecopier
**U.T. Austin Systems**

Ethan L. Shaw
Everett H Sanderson
Moore Landry, L.L.P
390 Park Street, Suite 500
Beaumont, Texas 77701
(409) 835-3891 Telephone
(409) 835-2707 Facsimile
**Plaintiffs**

James A. Holmes
Wellborn, Houston, Adkinson
Mann, Sadler, & Hill, L.L.P.
P.O. Box 1109
Henderson, Texas 75653-1109
(903) 657-8544 Telephone
(903) 657-7227 Facsimile
**Plaintiffs**

R. Stephen Woodfin
Law Office of Stephen Woodfin
P.O Box 1638
Kilgore, Texas 75663
(903) 984-0518 Telephone
(903) 984-2574 Facsimile
**Plaintiffs**

James Sowder
Thompson, Coe, Cousins &
Irons, L.L.P.
200 Crescent Court, 11th Floor
Dallas, Texas 75201
(214) 871-8200 Telephone
(214) 871-8209 Telecopier
**Gates McDonald/TIG Insurance Co./**
**Sentry Insurance Co & Sentry Insurance**
**Sentry Lloyd's of Texas/Fireman's Fund**
**SAFECO**

Mike Mills
Atlas & Hall, L.L.P.
P.O. Box 3725
McAllen, Texas 78502-3725
(956) 682-5501 Telephone
(956) 686-6109 Telecopier
**Texas Mutual Insurance Co.**

Charles S Frigerio
Law Office Charles S. Frigerio
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877 Telephone
(210) 271-0602 Telecopier
**Cunningham Lindsey Claims**
**Management, Inc.**

Mr Frank Weathered
Dunn & Weathered, P.C
611 S Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 Telephone
(361) 883-1599 Telecopier
**Travelers Indemnity Company of**
**Connecticut**

Jerry Shiely
Thornton, Summers Biechlin
Dunham & Brown, L.C.
10100 Reunion Place
San Antonio, Texas 78216-4186
(210) 342-5555 Telephone
(210) 525-0666 Telecopier
**GAB ROBINS NORTH**
**AMERICA, Inc.**

James H. Hunter, Jr.
Jon D. Brooks
Royston, Rayzor, Vickery
& Williams, L.L.P.
55 Cove Circle
P O Box 3509
Brownsville, Texas 78523-3509
(956) 542-4377 Telephone
(956) 542-4370 Telecopier
**Berkley Risk Administrators**
**Of Texas, Inc.**

Barry A Moscowitz
Mark C. Roberts, II
Henslee, Fowler, Hepworth
& Schwartz, L.L.P.
6688 North Central Expy, Suite 850
(214) 219-8833 Telephone
(214) 219-8866 Telecopier
**Combined Independent Agencies**

Keith B. O'Connell
O'Connell & Benjamin, L.L.P
153 Treeline Park, Suite 200
P.O. Box 90209
San Antonio, Texas 78205
(210) 824-0009 Telephone
(210) 824-9429 Telecopier
**Atlantic Mutual Insurance Co.**

Charles Willette, Jr.
Willette & Guerra, L.L.P.
3505 Boca Chica Blvd., Suite 460
Brownsville, Texas 78521
(956) 541-1846 Telephone
(956) 541-1893 Telecopier
**Liberty Mutual Insurance Co.**
**and Wausau Insurance Co. (U.K.)**

Robert B. Wellenberger
Thompson, Coe, Cousins &
Irons, L.L.P.
200 Crescent Court, 11th Floor
Dallas, Texas 75201
(214) 871-8200 Telephone
(214) 871-8209 Telecopier
**AIG Claim Services, Inc.**
**AIG National Insurance Co.**
**The Ins.Co. of The State of PA.**

Rene Oliveira
Roerig, Olivcrira & fisher, L.L.P.
506 E. Dove
McAllen, Texas 78504
(956) 631-8049 Telephone
(956) 631-8141 Telecopier
**AIG Claim Services, Inc.**

Brett T. Reynolds
Blakeley & Reynolds, P.C.
1250 N.E. Loop 410, Suite 420
San Antonio, Texas 78209
(210) 805-9799 Telephone
(210) 805-9654 Telecopier
**Crawford & Company**

Jeffrey Roerig
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786
(956) 542-5666 Telephone
(956) 542-0016 Telecopier
**Texas Municipal League**
**InterGovernmental Risk Pool**

David L. Plaut
Catherine L. Hanna
Hanna & Plaut, L.L.P.
Littlefield Building
106 East 6th St., Suite 520
Austin, Texas 78701
(512) 472-7700 Telecopier
(512) 472-0205 Telecopier
**Liberty Mutual Insurance/WAUSAU**

Craig Smith
Director Legal Services
Texas Workers' Compensation Commission
4000 South IH-35
Austin, Texas 78704-7491
(512) 804-4277 Telephone
(512) 804-4276 Telecopier
**TWCC**

Karen L. Hirschman
Robert C. Walters
John C. Wander
Brian E. Robison
Vinson & Elkins, L.L.P.
3700 Trammell Crow Center
2001 Ross Ave
Dallas, Texas 75201
(214) 220-7878 Telephone
(214) 999-7878 Telecopier
**CNA "Lloyds" Insurance Co.**

Ruben R. Pena
Law Office of Ruben R. Pena, P.C.
222 W. Harrison
P.O Box 530160
Harlingen, Texas 78550
(956) 412-8200 Telephone
(956) 412-8282 Telecopier
**CNA "Lloyds" Insurance Co.**

P.M. Schenkkan
Eric G Behrens
Graves, Dougherty, Hearon & Moody
515 Congress Ave, Suite 2300
Austin, Texas 78701
(512) 480-5600 Telephone
(512) 478-1976 Facsimile
**Attorneys for Texas Mutual Insurance Company**

Hollis Horton
Orgain Bell & Tucker
470 Orleans
Beaumont, Texas 77701
(409) 838-6412 Telephone
(409) 838-6959 Facsimile
**Travelers Property & Casualty**

Richard South
Wright & Greenhill, P.C.
221 W 6th Street, Suite 1800
Austin, Texas 78701
(512)
(512)
**EBI Companies**

Edward Tuddenham
1203 Newning Ave
Austin, Texas 78704
(512) 441-9759 Telephone
(512) 443-4258 Facsimile
**Facility Insurance Co.**

Patrick C. Appel
Adams & Reese, L L P
1221 McKinney
Houston, Texas 77010
(713) 523-1101 Telephone
(713) 523-2002 Facsimile
**Gallagher Bassett Ins. Co.**

David J. Healey
Dolores Cavatore
Weil, Gotshal & Manges, L.L.P.
700 Louisiana, Suite 1600
(713) 546-5000 Telephone
(713) 224-9511 Facsimile
**Hartford Insurance**

Michael Phillips
Phillips & Akers, P.C.
3200 Southwest Freeway # 3400
Houston, Texas 77027
(713) 552-9595 Telephone
(713) 552-0231 Facsimile
**Highlands Insurance Company**

Veronica Czchna
Jordon & Carmona, P.C.
1801 S. Mopac Expressway, Ste. 220
Austin, Texas 78746
(512)
(512)
**Kemper Casualty Ins.**

Dean G Pappas
Phillips & Akers
3200 Southwest Freeway # 3200
Houston, Texas 77027
(713) 552-9595 Telephone
(713) 552-0231 Facsimile
**Paula Insurance Co.**

Jack W. Latson
Flahive, Ogden & Latson
P.O. Drawer 13367
Austin, TX 78711
(512) 477-4405 Telephone
(512) 867-1724 Facsimile
**Advantage Workers' Comp**

David B. Edwards
Phillips & Akers
3200 Southwest Freeway #3200
Houston, Texas 77027
(713) 552-9595 Telephone
(713) 552-0231 Facsimile
**Sierra Insurance**

Anthony Icenogle
DeLeon, Boggins & Icenogle
221 West 6th Street, Suite 1050
Austin, Texas 78701
(512) 478-5308 Telephone
(512) 482-8628 Facsimile
**Service Lloyds Insurance**

Ms. Alicia G. Curran
Burt Barr & Associates
304 S. Record
Dallas, Texas 75202
(214) 742-8001 Telephone
(214) 741-6744
**ACE Insurance Group**

Mr. Paul K. Nesbitt
Kelly, Sutter & Kendrick
3050 Post Oak, Suite 200
Houston, Texas 77056-6570
(713) 595-6000 Telephone
(713) 595-6001 Facsimile
**CAS-Claims Administrative**

Kevin T. Crocker
David T. Moran
Jackson Walker
901 Main St., Ste 6000
Dallas, Texas 75202
(214) 953-6000 Telephone
(214) 953-5822 Facsimile
**Federal Insurance Company**

Richard W. South
Wright & Greenhill
221 West 6th Street, Suite 1800
P.O. Box 2166-78768
Austin, Texas 78701-3495
(512) 476-4800 Telephone
(512) 476-5382 Facsimile
**Royal & Sunalliance**
**EBI Companies, Inc.**

Steve Backhaus
Lewis and Backhaus
12580 Spurling Dr., Ste 210
Dallas, Texas 75230
(972) 233-8115 Telephone
(972) 387-3485 Facsimile
**Colonial Casualty**

Blake S. Evans
*Arter& Haden*
1717 Main Street, Ste 4100
Dallas, Texas 75201-4605
(214) 761-2100 Telephone
(214) 741-7139 Facsimile
**Cuna Mutual Insurance**

Bradley D. McClellan
*Assistant Atty General*
Tort Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2197 Telephone
(512) 463-2224 Facsimile
**State Office of Risk Management**