IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ROBERT S. HOWELL, D.C.; § <br> FIRST RIO VALLEY, P.A.; § <br> EAST SIDE SURGERY CENTER, INC.; § <br> U.S. IMAGING, INC.; § <br> U.S. ANESTHETIC, P.A.; § <br> FORT BEND IMAGING, INC; § <br> FANNIN STREET IMAGING, INC.; § <br> EAST SIDE IMAGING, INC.; § <br> STEEPLECHASE DIAGNOSTICS, INC.; § <br> SAN ANTONIO DIAGNOSTICS § <br> IMAGING, INC., for themselves § <br> and others similarly situated § <br> § <br> V. § <br> § <br> TEXAS MUTUAL INSURANCE COMPANY; § <br> COMBINED INDEPENDENT AGENCIES, § <br> INC.; GAB ROBINS NORTH AMERICA, § <br> INC.; AIG CLAIM SERVICES, INC. § <br> BERKLEY RISK ADMINISTRATORS OF § <br> TEXAS, INC., on Behalf of Texas § <br> Political Subdivisions; § <br> CNA INSURANCE COMPANY; THE § <br> UNIVERSITY OF TEXAS AT AUSTIN, § <br> TEXAS; TEXAS MUNICIPAL LEAGUE § <br> INTERGOVERNMENTAL RISK POOL; § <br> ZURICH AMERICAN INSURANCE CO.; § <br> GATES MCDONALD; TRAVELERS § <br> INDEMNITY COMPANY OF CONN.; § <br> THE TRAVELERS - DALLAS CL CLAIM; § <br> ATLANTIC MUTUAL INSURANCE CO.; § <br> TIG INSURANCE COMPANY; THE § <br> TRAVELERS - HOUSTON CLAIM; § <br> WAUSAU INSURANCE COMPANY; § <br> CRAWFORD & COMPANY; § <br> CUNNINGHAM LINDSEY CLAIMS § <br> MANAGEMENT, INC. § | CIVIL ACTION NO. B-02-56 |

<u>DEFENDANT, TEXAS ASSOCIATION OF SCHOOL BOARDS
RISK MANAGEMENT FUND (FUND)'S PLEA TO THE JURISDICTION
MOTION TO TRANSFER VENUE
AND ORIGINAL ANSWER SUBJECT TO THE MOTIONS</u>

TO THE HONORABLE JUDGE OF SAID COURT:

TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND (FUND), mistakenly named in Claimants/Requesters' Second Amended Petition as TASB (TEXAS ASSOCIATION OF SCHOOL BOARDS), one of the

Defendants in the above-styled and numbered cause, files this its Plea to the Jurisdiction, Motion to Transfer Venue and subject to those Motions files this its Original Answer to the allegations in Claimant/Requestor's Second Amended Petition and would show the Court the following:

I.

MOTION TO TRANSFER VENUE

A. Cameron County, Texas, is not a proper county for venue of this case pursuant to Section 15.001, et seq, of the Texas Civil Practice and Remedies Code, in that when this suit was filed, when served on this Defendant, and at present, this Defendant has its principal office in Austin, Travis County, Texas, and no part of the cause of action alleged against this Defendant, or properly joined Defendants, took place in Cameron County, Texas.

B. TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND (FUND), incorrectly named in Claimants/Requestors' Second Amended Petition as TASB (Texas Association of School Boards) has never had its principal office in Cameron County, Texas, nor committed any tort, in whole or in part, within Cameron County.

C. This Defendant does not maintain a place of business in Cameron County, Texas, and has no employees, servants, or agents within Cameron County, Texas.

D. This action should be transferred to Travis County, Texas, which is the county in which this Defendant has its principal place of business.

E.  No part of the cause of action asserted by each of the Claimants/Requestors against this Defendant, or properly joined Defendants, accrued in Cameron County, Texas. There are no special venue laws mandating Cameron County venue of this case.

F.  Joinder of the Defendants in this suit is not proper under the Texas Rules of Civil Procedure.

G.  <u>Venue is Mandatory in Travis County</u>.

Because Plaintiffs are suing for purported violations of the TWCA and its Rules, the applicable administrative scheme requires that this suit be brought in Travis County.

Plaintiffs' claims for interest on late payments are based on Rule 134.803 of the TWCA. The TWCA provides that: "a proceeding, hearing, judicial review, or enforcement of a commission order, decision, or rule," is governed, among other provisions, by Subchapter G of Chapter 2001 of the Texas Government Code. Subchapter G of Chapter 2001 requires that all such proceedings must be brought in Travis County, Texas. See Texas Government Code, Section 2001.176. Accordingly, the TWCA contemplates that any judicial proceeding brought in a District Court under its statutory provisions and rules, 'must be maintained in Travis County, Texas.

The Court should, therefore, transfer this action to Travis County, Texas.

H.  Maintaining venue in this county unfairly prejudices parties to the suit.

I.  There is no essential need to have any person's claim tried in the county in which the suit is pending.

J.  The county in which the suit is pending is not a fair and convenient venue for the persons seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

This Defendant would therefore request the Court to enter its Order transferring this case to Travis County, Texas.

II.

## MOTION TO TRANSFER VENUE
## FOR THE CONVENIENCE OF THE PARTIES

This Defendant would further show the Court that this case should be transferred to Travis County, Texas, because

A.  Maintenance of the action in the county of suit would work an injustice to this Defendant considering the Defendant's economic and personal hardship;

B.  The balance of interest of all the parties predominates in favor of the action being brought in Travis County, Texas; and

C.  The transfer of the action would not work an injustice to any other party.

This Defendant would therefore request the Court to enter its Order transferring this case to Travis County, Texas.

III.

## PLEA TO THE JURISDICTION

This Defendant is a political subdivision of the State of Texas.  It is, therefore, entitled to sovereign immunity.

Plaintiffs have not pled a claim coming within the limited waiver of immunity of the Texas Tort Claims Act. This Court, therefore, does not have jurisdiction over this Defendant for Plaintiffs' claims.

## IV.

## PLEA IN ABATEMENT

Plaintiffs have failed to exhaust their administrative remedies as required by Subchapter G of Chapter 2001, Texas Government Code, which provides that all persons who have exhausted their administrative remedies available within a state agency are entitled to judicial review under this chapter. Plaintiffs have not pursued their administrative remedies under the TWCA.

This case should be abated until Plaintiffs have completed their administrative remedies.

## V.

## DEFENDANT'S ANSWER SUBJECT TO DEFENDANT'S MOTION TO TRANSFER VENUE AND PLEA IN ABATEMENT

A. **Improper Party.** TASB (TEXAS ASSOCIATION OF SCHOOL BOARDS) is not an insurance company doing business in the State of Texas, and does not offer workers' compensation insurance to its members. The TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND (FUND), is an administrative agency created pursuant to Chapter 791, Texas Government Code, Chapter 504 Texas Labor Code, Chapter 172, Texas Local Government Code, and Texas Education Code 22.005, as an interlocal agreement of sovereign school districts to

facilitate the participating districts' workers' compensation program. This Defendant will tender the Plaintiffs a voluntary non-suit without prejudice of TASB, with the service copy of this Answer. If the Plaintiffs execute and file that Notice of Non-Suit, the TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND (FUND) agrees to be substituted as a Defendant in this lawsuit without the necessity for additional service of process.

B.   This Defendant denies each and every, all and singular, the allegations contained in Claimant/Requestor's Original Petition and demands strict proof thereof.

C.   Plaintiffs have failed to exhaust their administrative remedies as required by Subchapter G of Chapter 2001, Texas Government Code, which provides that all persons who have exhausted their administrative remedies available within a state agency are entitled to judicial review under this chapter. Plaintiffs have not pursued their administrative remedies under the TWCA.

D.   This Defendant would further state that the Claimant/Requestors' claims are barred because the Claimant/Requestors have not complied with the mandatory notice requirements contained within the Texas Tort Claims Act. No actual or constructive notice of Claimant/Requestors' claims was given to this Defendant.

E.   Defendant would show that liability for its actions, as alleged in Claimant/Requestors Original Petition, is subject to the dollar limitations imposed by the Texas Tort Claims Act.

F.   Defendant would further show the court that this Defendant is entitled to sovereign immunity.

G.   This Defendant would show that its liability as alleged involves the actions of employees acting in the course and scope of their employment, performing discretionary functions in good faith. This Defendant would not be liable because of official immunity or qualified immunity.

H.   Defendant is immune from claims for exemplary damages by sovereign immunity and Texas Tort Claims Act, Section 101.024.

I.1.   By way of further answer herein, Defendant denies that Claimant/Requestors are entitled to recover punitive damages in this case since Defendant's conduct at all relevant times demonstrated reasonable care. To recover punitive damages, the Claimant/Requestors must establish an actual or constructive intent to harm based upon conscious indifference to the creation of a high probability of harm. An intent to injure, actual or constructive, is completely absent in this case.

2.   By way of further answer, Defendant states that the standards and instructions regarding punitive damages are inadequate, vague and ambiguous, further violating the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution.

3.   Defendant further states that the correct standard for submitting its burden of proof for punitive damages is "clear and convincing evidence." Any lesser standard is a violation of the

due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution, and Sec. 41.001(2) of the Texas Civil Practice and Remedies Code.

    4.    Defendant would further request a bifurcated trial of this case in accordance with Sec. 41.009 of the Texas Civil Practice and Remedies Code. Pursuant to this section, Defendant would request bifurcation of the determination of the amount of punitive damages from the remaining issues in the case.

    WHEREFORE, PREMISES CONSIDERED, this Defendant prays that Claimant/Requestors' suit be dismissed at Claimant/Requestors' cost, and for such other and further relief to which this Defendant may be entitled, either at law or in equity.

    Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (Fax)
Attorneys for Defendant
TEXAS ASSOCIATION OF SCHOOL BOARDS
    RISK MANAGEMENT FUND (FUND)

By _____
JEFFREY D. ROERIG
Texas State Bar #17161700

DEFENDANT'S PLEA TO JURISDICTION, MOTION TO TRANSFER VENUE AND
ORIGINAL ANSWER SUBJECT TO THE MOTIONS    Page 8
rom\orig.ans\22779.transfertasb

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been forwarded via facsimile and/or mailed, Certified Mail, Return Receipt Requested, to the Attorneys of Record, as follows:

Mr. Keith T. Gilbert
GILBERT & MAXWELL
P. O. Box 1984
Houston, TX   77251

Mr. Ethan L. Shaw
MOORE, LANDREY, L.L.P.
390 Park Street, Suite 500
Beaumont, TX   77501

Mr. Reynaldo G. Garza, III
Attorney at Law
680 East St. Charles, Suite 100
Brownsville, TX   78520

Mr. Ernesto Gamez, Jr.
Attorney at Law
777 East Harrison
Brownsville, TX   78520-7118

Mr. Norton Colvin
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P. O. Box 2155
Brownsville, TX   78522

Ms. Sara Scribner
Assistant Attorney General
P. O. Box 12548
Austin, TX   78711-2548

Mr. James Sowder
THOMPSON, COE, COUSINS & IRONS, L.L.P.
200 Crescent Court, 11th Floor
Dallas, TX   75201

Mr. Rene O. Oliveira
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, TX   78520

Mr. Mike Mills
ATLAS & HALL, L.L.P.
P. O. Box 3725
McAllen, TX   78502-3725

Mr. P. M. Schenkkan
GRAVES, DOUGHERTY, HEARON & MOODY
515 Congress Ave., Suite 2300
Austin, TX   78701

Mr. Charles S. Figerio
LAW OFFICE OF CHARLES S. FIGERIO
111 Soledad, Suite 840
San Antonio, TX   78205

Mr. Robert B. Wellenberger
THOMPSON, COE, COUSINS & IRONS, L.L.P.
200 Crescent Court, 11th Floor
Dallas, TX   75201

Mr. Frank Weathered
DUNN & WEATHERED, P.C.
611 South Upper Broadway
Corpus Christi, TX   78401

Mr. Jerry Shiely
THORNTON, SUMMERS, BIECHLIN
DUNHAM & BROWN, L.C.
10100 Reunion Place
San Antonio, TX   78216-4186

Mr. James H. Hunter, Jr.
Mr. Jon D. Brooks
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
P. O. Box 3509
Brownsville, TX   78523-3509

Mr. Barry A. Moscovitz
Mr. Mark C. Roberts, II
HENSLEE, FOWLER, HEPWORTH
& SCHWARTZ, L.L.P.
Suite 850
6688 North Central Expressway
Dallas, TX   75201

Mr. Keith B. O'Connell
O'CONNELL & BENJAMIN, L.L.P.
P. O. Box 90209
San Antonio, TX   78205

Mr. Charles Willette, Jr.
WILLETTE & GUERRA, L.L.P.
3505 Boca Chica Blvd., Suite 460
Brownsville, TX   78520

Mr. Craig Smith
Director of Legal Services
TEXAS WORKER'S COMPENSATION COMMITTEE
4000 South IH-35
Austin, TX   78704-7491

Mr. Brett T. Reynolds
BLAKELEY & REYNOLDS, P.C.
1250 N.E. Loop 410, Suite 420
San Antonio, TX   78209

Mr. David L. Plaut
Ms. Catherine L. Hanna
HANNA & PLAUT, L.L.P.
106 East Sixth Street, Suite 520
Austin, TX   78701

Mr. Ruben R. Pena
LAW OFFICE OF RUBEN R. PENA, P.C.
P. O. Box 530160
Harlingen, TX   78550

Mr. John C. Wander
Mr. Brian E. Robinson
VINSON & ELKINS, L.L.P.
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, TX   75201

Mr. Kevin T. Crocker
JACKSON WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, TX   75202

```
                    Mr. Jack W. Latson
                 FLAHIVE, OGDEN & LATSON
                     P. O. Drawer 13367
                    Austin, TX    78711

                    Mr. John B. Shely
                 ANDREWS & KURTH, L.L.P.
                   600 Travis, Suite 4200
                     Houston, TX    77002
```

on this 8th day of April, 2002.

_____
JEFFREY D. ROERIG